## KEAMALU vs. LUHAU et al.

EXCEPTIONS TO RULINGS OF DOLE, J.

JULY TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

Plaintiff in ejectment need not show possession within twenty years, if he shows title and no adverse possession is proved. *Rose vs. Smith*, 5 Hawn., 377, followed.

Plaintiff in action of ejectment claimed title by inheritance from one P. The evidence showed that he was the heir of K., who was an heir of P. Held, following *Elikapeka vs. Ookala Sugar Company*, 4 Hawn., 625, that there was no reason for a verdict being ordered for defendant.

Exceptions overruled.

OPINION OF THE COURT, BY BICKERTON, J.

This is a suit in ejectment, and came on for trial at the April Term, 1888, before Mr. Justice Dole and a jury, resulting in a verdict for plaintiff for half the land claimed, to which verdict the defendant duly excepted as contrary to the law and the evidence, and the weight of evidence.

The request for instructions by defendant marked Second, Fourth and Fifth, being refused by the Court, the defendant duly excepted and the same were allowed.

The defendant also excepted to the instructions to the jury, that "If Luhau, during the period of his alleged adverse possession, applied to the Court of Probate for letters of administration with a view of ascertaining who were the heirs of Polani, the application would in itself break the chain of adverse possession. That would be giving up his adverse possession to the Court to decide, and this would be so even though in the application for administration the applicant Luhau stated that he and his cousin Lukahili were the only heirs of Polani (w.)." To

which instructions the defendant duly excepted, and the exception was allowed, and the matter now comes here on a duly allowed bill of exceptions.

## By the Court.

The first instruction asked for and refused by the Court, and marked "Second Instruction," is as follows: "No person shall commence an action to recover possession of any lands, or make any entry thereon, unless within twenty years after the right to bring such action first accrued. And this law would bar the plaintiff if continuously during twenty years he failed to bring suit, the land during that time being held adversely to him by others. And under our statutes the possession of the adverse claimants may have been adverse to each other."

This instruction as asked for would not require the defendant to show any ouster, or any continuous possession on the part of anyone, and would bar a plaintiff from recovering, even if the land had been entirely vacant during twenty years.

This question is settled in the case of *Rose vs. Smith*, 5 Hawn., 377, where the Court holds that "plaintiff in ejectment need not show possession within twenty years if he shows title and no adverse possession is proved."

The fourth instruction which was refused is as follows: "The plaintiff has alleged that he is entitled to the land in fee simple by inheritance from Polani, and he must prove it. It is not enough for him to prove that he is the heir of Kaneakua, or of some other person who was the heir of Polani; it must be proved that he was Polani's heir." This exception is disposed of by *Elikapeka vs. The Ookala Sugar Company*, 4 Hawn., 625, where the Court say: "The defendant's counsel moved for the direction of a verdict for the defendant, because the plaintiffs claimed as heirs of the patentee, and proved that they were heirs of his heirs. We think this was not such a defect in pleading, if it were a defect, as to entitle the defendant to relief here. We think the plaintiffs may be termed by privity the remote heirs of the patentee."

The fifth instruction which was refused is as follows : " There was no law of inheritance before 1858, by which a mother could inherit the estate of her daughter, or the collateral heirs of the mother either."

This exception is answered by the Act of 1850, to regulate the descent of property, which provides for such inheritance, the portion of Section 1448 of the Compiled Laws, referring to this question, being in exactly the same words as the Act of 1850, and taken from it. Counsel seems to have overlooked this fact.

Luhau's petition for administration shows that Polani died after 1850, viz., in 1854.

The instruction given by the Court in regard to the application of Luhau for letters of administration, we think, was not applicable to the evidence produced by the defendant, and could not have prejudiced him, for we do not find that there was evidence in the case on which it could be seriously contended that there had been an adverse possession for twenty years.

It is evident to us that the jury found the verdict they did, viz., one half of land for plaintiff, on the theory that both of Polani's (the patentee's) parents survived her, and that plaintiff inherited from Kaneakua (w.), Polani's mother, and defendant from Kamoa (k.), Polani's father.

There was no evidence whatever of any ouster. *Kaia vs. Kamaile*, 4 Hawn., 352, is a case in point.

The evidence in that case showed that the plaintiff and defendant were co-heirs and tenants in common, and that the plaintiff had never been ousted by the defendant; the Court charged the jury that if they so found, the statute of limitation would not run against the plaintiff; the jury rendered a verdict for the defendant for the whole estate ; the trial Court set aside the verdict and ordered judgment for plaintiff for one-half of the estate *non obstante veredicto*.

Held, no error, as the evidence was conclusive that there had been no ouster, and that the plaintiff and defendant were co-heirs.

In the case at bar the jury must have found from the evidence that the plaintiff and defendant were co-heirs, and that there was no distinct ouster shown, consequently the possession of one was the possession of the other.

The exception to the verdict as contrary to the law and weight of evidence must be overruled, for we find the verdict is fully sustained by the law and the evidence.

Exceptions overruled.

*F. M. Hatch*, for plaintiff.

*W. A. Kinney*, for defendant.